UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

RORY POOLE,

                Movant,

-against-

                                                      (LAK)
                                                 (15-cr-0525 (LAK))

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Rory Poole pleaded guilty to one count of conspiracy to commit Hobbs Act robbery and one count of brandishing a firearm in relation to a crime of violence, i.e., the Hobbs Act robbery conspiracy. He was sentenced to a term of imprisonment og 63 months on the Hobbs Act conspiracy count and the mandatory minimum sentence of 84 months on the firearm count, that sentence to run consecutively, for a total term of imprisonment of 147 months. Under the plea agreement pursuant to which Poole entered his plea, he waived any right to appeal from or otherwise challenge any sentence of imprisonment less than or equal to 162 months.

        Poole now moves for leave to proceed on a Section 2255 motion without prepaying fees or costs and for the appointment of counsel to pursue such a Section 2255. He contends that his sentence on the firearm count is unconstitutional in light of *United States v. Davis,* 139 S.Ct. 2319 (2019).

        In support of his motion to proceed without payment of fees and costs, Poole submitted a first page of AO Form 240, a form made available for this purpose by the Administrative Office. He did not submit the second page or answer any of the questions contained on either page. save for filling in blanks calling for identification by an incarcerated person of the facility in which he/she is being held and giving his name as petitioner and that of the United States as respondent, he left the rest of the questions on the form unanswered. He did not sign it. Nor did he submit a certified copy of his trust account statement (or institutional equivalent) from an appropriate official of the prison in which he is confined as required by 28 U.S.C. § 1915(a)(2).

        Accordingly, Poole's application to proceed without prepaying fees and costs is denied without prejudice to renewal upon proper papers. As this order and the papers eliciting it relate to a prospective Section 2255 motion, the Clerk shall assign a civil docket number and file the papers thereunder.

        SO ORDERED.

Dated:        September 9, 2019

                                                          Lewis A. Kaplan
                                              United States District Court